# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO GOMEZ, | 1:04cv6055 DLB |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Document 9) |
| v. | |
| LINDSAY UNIFIED SCHOOL DISTRICT, et. al., | ORDER DIRECTING CLERK TO ENTER JUDGMENT IN FAVOR OF DEFENDANTS |
| Defendants. | |

Defendant Lindsay Unified School District ("Defendant") filed the instant motion for summary judgment on June 1, 2005. The hearing was held on July 29, 2005. Jeff Nelson appeared for Defednant and Alfred Buzo appeared for plaintiff Roberto Gomez. The parties have consented to the jurisdiction of the Magistrate Judge.

**BACKGROUND**

Plaintiff filed this employment discrimination action against his former employer, Lindsay Unified School District ("Defendant" or "the District") on August 4, 2004. Plaintiff alleges that he was terminated based on his race on June 30, 2003. Defendant denies these allegations and asserts that plaintiff was terminated because he failed to obtain a GED equivalency or high school diploma and pass Defendant's proficiency test.

Defendant filed the instant motion for summary judgment on June 1, 2005. Plaintiff filed his opposition on July 8, 2005. Defendants filed their reply on July 19, 2005.

**UNDISPUTED MATERIAL FACTS**

Defendants contend that the following facts are undisputed: [The facts are numbered and categorized according to Defendants' statement]

1. On November 27, 2002, it was agreed by Roberto Gomez that his probationary period was extended from December 2, 2002 through June 30, 2003 in order for him to obtain a GED equivalent or high school diploma and pass the District's proficiency test. Roberto Gomez Deposition Transcript ("Gomez Depo") at p. 21:24-25, p. 22: 1-19; Sideletter Agreement of November 27, 2002.

2. Roberto Gomez never obtained a GED or high school diploma nor did he pass the District's proficiency exam. Plaintiff's Response to Request for Admissions Nos. 10 and 11.

3. Roberto Gomez does not readily read or speak English. Plaintiff's Responses to Requests for Admissions Nos. 18, 19 and 20.

4. A basic competency level as evidenced by GED equivalence or high school diploma and by passing the District's proficiency test is a reasonable job requirement as those holding plaintiff's position who need to safely interact with and use machinery and chemicals in a school environment. Declaration of Andrew Bukosky.

Plaintiff does not specifically dispute these facts but offers the following additional facts:

1. On or about August 31, 2000, the District lowered Plaintiff's pay by .75 per hour without any notice whatsoever. Declaration of Roberto Gomez ¶ 2 (Gomez Decl.").

2. On or about September 1, 2000, when plaintiff approached Personnel Director Andrew Bukosky about the lowering of his wage, Mr. Bukosky's reaction was to ask if plaintiff wanted to "fight" him. Gomez Depo. p. 61:17-19.

3. In April 2001, Plaintiff was approached by Mr. Bukosky and offered a full time position in maintenance and was told that he would need to obtain his

| | | |
|---|---|---|
| 1 | | GED by September 2002.  However, in November 2001 he was terminated. |
| 2 | | Gomez Declaration, p. 2:4. |
| 3 | 4. | In December 2001, plaintiff returned to work but did not receive a paycheck |
| 4 | | for the entire month of January 2002.  Gomez Decl., p. 2:6-7. |
| 5 | 5. | In March 2002, plaintiff received a letter from Bukosky stating that the |
| 6 | | "requirement . . . to obtain a high school diploma or GED equivalent . . . will |
| 7 | | be waived."  Gomez Depo. |
| 8 | 6. | In July 2002, plaintiff was "laid off" for summer vacation under the |
| 9 | | presumption that he would return to work in August 2002.  Gomez Decl., p. |
| 10 | | 2:11-12. |
| 11 | 7. | On August 22, 2002, plaintiff received a letter from Bukosky stating that he no |
| 12 | | longer had employment with the District.  Gomez Decl., Ex. "B." |
| 13 | 8. | On November 27, 2002, plaintiff returned to work and was told he had to |
| 14 | | obtain a high school diploma or GED equivalency by June 30, 2003 or be |
| 15 | | terminated.  He was also told, for the first time, that he had to pass a |
| 16 | | proficiency exam.  Gomez Depo., Ex. 3; Gomez Decl., p. 2:15-18. |
| 17 | 9. | On May 8, 2003, plaintiff was informed that he would be terminated as of |
| 18 | | June 30, 2003.  Gomez Dec., p. 2: 23-24. |
| 19 | 10. | This course of conduct was not directed at non-Mexican employees.  Gomez |
| 20 | | Dec., p.2:26-27. |

**DISCUSSION**

**A.     Summary Judgment Standard**

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 500 (9th Cir. 1992).  The evidence of a party opposing summary judgment is believed and all reasonable inferences that may be drawn from the facts must be drawn in favor of the opposing party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505 (1986).  To establish a factual dispute, the opposing party may not rely on

mere allegations or denials of an adverse parties' pleadings and is required to tender evidence of specific facts in the form of affidavits or admissible discovery material in support of its contention that the dispute exists.

B.    **Defendant's Motion for Summary Judgment**.

Defendants argue that plaintiff was released from his employment on June 30, 2003 because he failed to obtain a GED equivalency or high school diploma and the District's proficiency test by June 10, 2003 as agreed. Defendant argues that plaintiff cannot establish a prima facie case of discrimination. Defendant argues that prior to 2001, plaintiff was not a full time employee and when plaintiff accepted the full time position he was aware of the GED requirement. Defendants contend that the GED and proficiency test requirements are neutral requirements to ensure a safe work environment. Defendants argue that plaintiff cannot show pretext or discriminatory application of defendant's practice of requiring a GED equivalency or high school diploma and a proficiency test and therefore summary judgment should be granted in defendant's favor.

Plaintiff argues that he has established a prima facie case of discrimination in that he: (1) is a member of a protected class; (2) was qualified for his position; (3) suffered an adverse personnel action; and (4) the personnel action was suspicious enough to infer a discriminatory intent. *See Caldwell v. Paramount Unified School District*, Cal.App.4th 189, 200 (1995). Plaintiff argues that he was first made to believe he was required to take the GED and that he had seventeen (17) months or until September 2002 to obtain it. He was then terminated seven months later. He was then brought back to work but not paid for the first month and then in March 2002 he was told the GED requirement would be waived. He was then laid off in July 2002 and terminated in August 2002. In November 2002 he was brought back to work and once again told that he had to obtain a GED and pass a proficiency exam. Plaintiff argues that these requirements were nowhere in defendant's policies or regulations and to his knowledge, he was the only person being asked to complete these tasks. Plaintiff contends that the frequency in changes to these alleged "requirements" show that defendant acted in an arbitrary and capricious manner. Plaintiff alleges that there is no district policy requiring employees to have a GED and it

is unclear whether the "proficiency exam" even exists. Even if defendant can establish legitimate, non-discriminatory reasons for the requirements, plaintiff argues the reasons are pretextual because the requirements were otherwise unheard of in the District and he was given deadlines to complete the tasks and terminated prior to the expiration.

**C.    Legal Analysis**

Title VII of the Civil Rights Act prohibits employment discrimination against individuals "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. For discrimination claims under Title VII, plaintiff has the initial burden of establishing a prima facie case of discrimination. *See McDonnel Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). To establish the prima facie case, plaintiff must present evidence showing:

1.    Plaintiff was a member of a protected class (race, gender, national origin, etc.);

2.    Plaintiff was qualified for the position sought or was competently performing in the position held;

3.    Plaintiff suffered an adverse employment action; and

4.    The action occurred under circumstances suggesting a discriminatory motive (e.g. persons outside the protected class with equal or lesser qualification were given more favorable treatment).

*See McDonnel Douglas Corp. v. Green*, 411 U.S. at 802, fn 13. If the employee produces sufficient evidence to establish a prima facie case, the burden then shifts to defendants to provide a legitimate, nondiscriminatory reason, which if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employer's action. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993). The burden then shifts back to plaintiff to establish that the employer's articulated reason was a "pretext" or cover-up for unlawful discrimination. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. at 507-508.

Here, plaintiff has failed to produce evidence sufficient to establish his prima facie case of discrimination because he has provided no evidence that his termination was under circumstances suggesting a discriminatory motive. The evidence establishes that the District

initially hired plaintiff as a full time permanent employee in April 2001 and told him he was required to obtain a GED by September 2002. He was fired prior to this in November 2001, but rehired in December 2001. In March 2002, the District waived the GED requirement for plaintiff but then terminated him in August 2002. While there is no explanation for the District's inconsistent handling of the GED requirement as to plaintiff, there is also no evidence suggesting that the requirements were placed on plaintiff based on his race. There is no evidence whatsoever regarding the District's treatment of other employees holding plaintiff's position or whether or not other employees were required to have a GED or equivalent. Indeed, the only other employee identified by plaintiff as not having a GED was another Hispanic employee. Gomez Depo., p. 53: 6-13.

It is undisputed that plaintiff returned to work in November 2002 under a letter agreement wherein plaintiff agreed to obtain his high school diploma or GED equivalent and take the District's proficiency test by June 30, 2003. Plaintiff signed this letter. He also received a $1,000 bonus. It is undisputed that plaintiff did not obtain his high school diploma or GED equivalent or take the proficiency test and therefore he was notified on May 8, 2003 that he would be terminated as of June 30, 2003. There is no evidence of any discriminatory motive on the part of the District in terminating plaintiff. Plaintiff argues that it is not clear whether the District's has a formal policy requiring employees to have a GED and plaintiff contends the District "made up" the requirement just for plaintiff. However, plaintiff offers no evidence from which a reasonable juror could infer this. There is no evidence that the District allows non-Hispanic employees to work without a GED. Indeed, the Court has no evidence whatsoever regarding the District's GED policy as to other employees, Hispanic or otherwise. Moreover, it is undisputed that in November 2002, plaintiff agreed, as a condition of his employment, that he would obtain his a high school diploma or GED equivalent and pas the District's proficiency test by June 30, 2003. When he failed to do so, he was terminated. Plaintiff has failed to meet his burden of providing evidence suggesting that the GED requirement was imposed on him because of his race or that he was terminated for a discriminatory reason.

///

**CONCLUSION**

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED. The Clerk of Court is DIRECTED to enter judgment in favor of Defendants and against Plaintiff. This terminates this action in its entirety.

IT IS SO ORDERED.

Dated:    **August 5, 2005**                    **/s/ Dennis L. Beck**
3b142a                                          UNITED STATES MAGISTRATE JUDGE